UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELIZABETH B. BONSU,<br><br>    Plaintiff,<br><br>V.<br><br>ISENSIX, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Elizabeth B. Bonsu, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein took place based in Gwinnett

County, Georgia.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Gwinnett County, Georgia.

6. Defendant is a Foreign Profit Corporation based in Delaware and operating in both Waukesha County, Wisconsin, and Gwinnett County, Georgia.

7. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

8. Defendant may be served by delivering a copy of the Complaint and Summons to their registered agent: Paracorp Incorporated, 2140 S. Dupont Highway, Camden, Delaware, 19934.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is female.

11. Defendant is a wireless temperature monitoring company for healthcare facilities.

12. On or about September 14, 2017, Plaintiff interviewed for the position of Field Service Technician with Defendant President, Mr. Tom Stawicki.

13. During Plaintiff's interview, Mr. Stawicki stated to Plaintiff that the physical requirements of the job would prevent a pregnant woman from doing the job.

14. Mr. Stawicki stated to Plaintiff that he would not hire Plaintiff unless she confirmed that she was not planning to get pregnant.

15. Plaintiff responded that she did not intend to become pregnant again.

16. On or about October 9, 2017, Plaintiff accepted Defendant's offer of employment as Field Service Technician on a temporary basis.

17. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Field Service Technician.

18. At all times relevant to this Complaint, Plaintiff's direct supervisor was Mr. Matthew Downes, Field Operations Manager.

19. At all times relevant to this Complaint, Plaintiff was the only female Field

Service Technician.

20. At all times relevant to this Complaint, Plaintiff was the only female employee reporting to Mr. Downes.

21. At all times relevant to this Complaint, Plaintiff was based in her home office in Snellville, Georgia, and traveled for work assignments.

22. On or about October 9, 2017, while discussing job expectations, Mr. Stawicki stated to Plaintiff, "Sometimes some men are inappropriate, but ignore it and do your job and you might be able to prove me wrong, that a female can actually do this job. We will see."

23. On or about April 16, 2018, Plaintiff became a permanent employee for Defendant.

24. Throughout Plaintiff's employment, Mr. Downes consistently individually allocated Plaintiff job assignments requiring multiple employees for timely completion.

25. Male Field Service Technicians were not similarly individually assigned the job responsibilities of multiple employees for timely completion.

26. In or around December 6, 2018, Mr. Downes allocated Plaintiff a job assignment requiring three (3) employees for timely completion.

27. Despite the need for multiple employees, Mr. Downes did not assign any other Field Service Technician to the assignment and did not supervise Plaintiff.

28. Mr. Downes stated he did not assign another employee to assist so Plaintiff could prove she could "work as hard" as male employees.

29. Male Field Service Technicians were not similarly subjected to comments regarding their gender or abilities.

30. During that assignment, Plaintiff suffered a workplace injury to her hand, which she reported to Mr. Downes.

31. Mr. Downes rejected Plaintiff's request for time off the next day due to the injury.

32. Male Field Service Technicians were not similarly rejected time off for workplace injuries by Mr. Downes.

33. While discussing the incident with Plaintiff and Mr. Stawicki, Mr. Downes stated that Plaintiff was "screaming like a bitch" when she was injured.

34. On or about the evening of January 17, 2019, Plaintiff requested a restroom stop with Mr. Downes on a work trip with two other employees.

35. Mr. Downes stopped at a building and told Plaintiff to urinate by the building "like a man."

36. On or around April 8, 2019, after undergoing an unrelated surgery for fibroid lumps, Plaintiff was denied extended leave despite providing medical documentation.

37. Male Field Service Technicians were not similarly denied time off for medical purposes despite following the same procedure.

38. On or about August 12, 2019, Plaintiff scheduled a hand surgery related to her December 2018 injury.

39. Plaintiff was denied extended leave despite providing medical documentation.

40. Male Field Service Technicians were not similarly denied leave for workplace injuries by Mr. Downes.

41. On or about November 5, 2019, Plaintiff complained to Mr. Downes via telephone about instances of gender discrimination.

42. Specifically, Plaintiff stated that she was consistently, individually assigned job duties that required multiple Technicians for timely completion while the same requests were not made of male employees.

43. Plaintiff further stated that she felt that she was being discriminated against based on her gender due to Mr. Downes' and Mr. Stawicki's comments, assignments, and actions.

44. On November 8, 2019, Plaintiff reiterated her complaints of gender discrimination via email to Mr. Downes and copied Mr. Stawicki.

45. On or about November 12, 2019, Plaintiff discovered that two (2) assignments had been deleted from her work calendar without explanation.

46. Upon information and belief, Mr. Stawicki directed the assignments be deleted from Plaintiff's calendar.

47. Plaintiff's pay was reduced based on the deleted job assignments.

48. Plaintiff's request for Paid Time Off ("PTO") Hours for the removal of job assignments was also denied by Defendant.

49. Male Field Service Technicians were not similarly subjected to reduced pay or denied PTO when removed from assignments at the direction of a supervisor.

50. On or about November 13, 2019, Plaintiff informed Mr. Stawicki and Mr. Downes that flight information for a job needed to be changed, because her identification with the appropriate corresponding name had been stolen.

51. Plaintiff was instructed not to attend that job assignment.

52. Plaintiff's pay was again reduced based on the removed job assignment.

53. Plaintiff's request for PTO Hours for this job assignment removal was denied by Defendant.

54. Male Field Service Technicians were not similarly subjected to reduced pay or denied PTO when removed from assignments at the direction of a supervisor.

55. On December 3, 2019, when Plaintiff inquired about her reduced pay, Mr. Stawicki informed Plaintiff of four alleged customer sites requesting Plaintiff be replaced.

56. Plaintiff was not made aware of the customer complaints when they allegedly occurred prior to the December 3, 2019 email from Mr. Stawicki.

57. Plaintiff was not provided with an opportunity to respond to the alleged complaints when they occurred, as she had previously been afforded by Defendant before making protected complaints.

58. On December 5, 2019, Plaintiff indicated she would be seeking "an expert on discrimination and retaliation" concerning her gender-based claims against Mr. Downes and Mr. Stawicki.

59. On December 5, 2019, Plaintiff was terminated by email by Mr. Stawicki for alleged performance concerns.

60. Plaintiff filed a claim with the EEOC in or around March 2020.

61. Plaintiff received her Notice of Right to Sue, dated December 22, 2020.

## IV. CLAIMS FOR RELIEF

## COUNT I: TITLE VII DISCRIMINATION (GENDER)

62. Plaintiff incorporates by reference paragraphs 1-61 of her Complaint as if fully set forth herein.

63. Plaintiff is a member of a protected class by virtue of gender. *Para. 10.*

64. Plaintiff was qualified for the position at issue. *Paras. 12, 16, 23.*

65. The requirement that Plaintiff not become pregnant in order to be hired demonstrates discriminatory animus. *Para. 14.*

66. The individual assignment of job duties requiring multiple employees for timely completion to only Plaintiff demonstrates discriminatory animus. *Paras. 24, 26-28.*

67. Plaintiff was subjected to frequent comments about her gender. *Paras. 22, 28, 33, 35.*

68. Plaintiff suffered the adverse action of reduced pay. *Paras. 45-48, 52-53.*

69. Plaintiff suffered the adverse action of termination. *Para. 59.*

70. Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated differently than Plaintiff. *Paras. 25, 29, 32, 37, 40, 49,*

54.

71. Defendant's termination of Plaintiff is pretextual. *Paras. 55-57.*

## **COUNT II: TITLE VII RETALIATION**

72. Plaintiff incorporates by reference paragraphs 1-71 of her Complaint as if fully set forth herein.

73. Plaintiff's November 2019 reports of gender discrimination to Mr. Downes concerning gender discrimination constitutes a protected activity under Title VII. *Paras. 41-44.*

74. Defendant had knowledge of Plaintiff's participation. *Paras. 41-44.*

75. Defendant's removal of Plaintiff's job assignments and related reduction in pay constitutes an adverse action under Title VII. *Paras. 45-48, 51-53.*

76. Plaintiff's December 5, 2019 termination constitutes an adverse action under Title VII. *Para. 59.*

77. The temporal proximity between Plaintiff's protected activities and the adverse actions is circumstantial evidence of causation. *Paras. 51-59.*

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 22nd of March, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 22nd of March, 2021.

                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                  s/Rachel B. Canfield
                                  Rachel B. Canfield
                                  Georgia Bar No. 488716
                                  Kirby G. Smith
                                  Georgia Bar No. 250119
                                  *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 22nd of March, 2021.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                s/Rachel B. Canfield
                                                Rachel B. Canfield
                                                Georgia Bar No. 488716
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com